UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL SAMS, #631589,

      Petitioner,

v.                                               CASE NO. 2:10-CV-12794
                                                  HONORABLE PAUL D. BORMAN

STEVE RIVARD,

      Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS CASE AS DUPLICATIVE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Darnell Sams, a state prisoner confined at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his 2006 Wayne County Circuit Court drug and felony firearm convictions for which he was sentenced to consecutive terms of 8 ½ to 20 years imprisonment and two years imprisonment in 2007. He raises four claims for relief in his petition.

Petitioner has already filed a federal habeas action challenging the same convictions with this Court, which is currently pending before another district judge. *See Sams v. Rivard*, Case No. 2:10-CV-12699 (Cleland, J.). Accordingly, the instant action must be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). The instant action is duplicative of his pending first habeas petition. Because Petitioner challenges the same convictions in both petitions and raises the same claims, the Court will dismiss this second petition as duplicative. *See Harrington v. Stegall*,

1

2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).

Accordingly, the Court **DISMISSES** the instant case as duplicative. This dismissal is without prejudice to the habeas petition filed in Case No. 2:10-CV-12699. This case is closed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be take in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 19, 2010.

                                                        S/Denise Goodine
                                                        Case Manager